IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

Gary Scott, # 282106,           )
                                )
                                )        Civil Action No. 6:14-4175-JFA-KFM
                 Plaintiff,     )
                                )        **REPORT OF MAGISTRATE JUDGE**
        vs.                     )
                                )
South Carolina Department of    )
Corrections, Dr. Lee, *Urologist at* )
*Twomey Med. Center*, and Dr. Zubel, )
*Urologist at Twomey Med. Center,* )
                                )
                                )
                 Defendants.    )
_____ )

        The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title

42, United States Code, Section 1983.  Pursuant to the provisions of Title 28, United States

Code, Section 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this magistrate

judge is authorized to review all pretrial matters in cases filed under Title 42, United States

Code, Section 1983, and submit findings and recommendations to the District Court.

        The plaintiff is an inmate at the Perry Correctional Institution of the South

Carolina Department of Corrections ("SCDC").  He has brought suit against SCDC and two

urologists at the Tuomey Medical Center in Sumter, South Carolina.  On page 2 of the

complaint, the plaintiff states that this civil rights action concerns medical malpractice and

deliberate indifference (doc. 1 at 2).  The plaintiff also indicates that he has not filed a

grievance because the issue is non-grievable (*id*.).

        The "STATEMENT OF CLAIM" portion of the Section 1983 complaint reveals

that this civil rights action arises out of disagreement between the plaintiff and the two

urologists as to the proper course of treatment for the plaintiff's enlarged prostate.  The

plaintiff alleges that under a previous prison number, he was seen at the McLeod Regional

Center in Florence and diagnosed by Dr. Skinner as having an enlarged prostate (*id*. at 3). When he was committed under his present prison number, the plaintiff sought treatment, and over a four-year period, he saw Dr. Lee, who prescribed different medications "to shrink" the plaintiff's prostate and "alleviate his symptoms to no avail" (*id*.). In 2007, the plaintiff asked Dr. Lee about "the prospect of having the procedure done to trim the portion of the prostate" or having supplemental medications such as "Prosvent" (*id*.). Subsequently, Dr. Lee took the plaintiff off the medications he was taking at the time and noted in the plaintiff's file that the plaintiff was to return as needed for his annual PSA (*id*. at 3–4).

The plaintiff states he has been enduring the symptoms of an enlarged prostate including having to relieve his bladder every two hours, start/stop flows of urine, discomfort in the rectum, and lack of sleep (*id*. at 4). Earlier this year, after the plaintiff signed up for sick call, the nurse referred the plaintiff to the nurse practitioner, who, in turn, referred the plaintiff to a urologist (*id*.). Before the appointment, the plaintiff wrote to Dr. Zubel and requested the trimming procedure described above. At the appointment, Dr. Zubel told the plaintiff that he would not do the procedure or prescribe the medications, but ordered a "cystoscopy" instead, which was negative (*id*.). The plaintiff argues that in light of prior treatments by a physician and two urologists, Dr. Lee's decision not to prescribe medications makes him deliberately indifferent to the plaintiff's continuous and serious medical needs (*id*. at 5). The plaintiff states that Dr. Lee discontinued the plaintiff's treatment for no justifiable reason; that Dr. Zubel has not prescribed anything stronger to relieve his symptoms; and, a nurse practitioner at Perry has prescribed "Tamulisin," but it "is not working" (*id*.). The plaintiff further claims that Dr. Zubel treats patients in an unprofessional manner and will not listen to their explanations of their symptoms (*id*.). Therefore, the plaintiff is suing the defendants in their official and individual capacities for deliberate indifference to his "continuous serious medical needs." The plaintiff seeks

2

injunctive relief that will aid the plaintiff in not being seen "anymore" by the defendants, who do not have his best interest at heart (*id.*).  In his prayer for relief, the plaintiff seeks a court order compelling SCDC to provide "effective" treatment, including the prescription drug "Prosvent," and monetary damages in the amount of one million dollars or in an amount deemed just by this court (*id.* at 6).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

With respect to medical care, a prisoner in a § 1983 case or *Bivens* action "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  In *Estelle v. Gamble*, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that x-rays should have been taken.  The Supreme Court pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Id.* at 105; *cf. Whitley v. Albers*, 475 U.S. 312, 320 (1986) (a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities).

3

The decision of the United States Supreme Court in *Farmer v. Brennan*, 511 U.S. 825 (1994), does not require that process be issued in the above-captioned case because the allegations in the complaint concern medical malpractice or a disagreement between the plaintiff and his physicians with respect to the proper course of treatment. Negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 106. Negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 (1986); and *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "'Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice.'" *Hoffman v. Tuten*, 446 F. Supp. 2d 455, 471 (D.S.C. 2006) (quoting *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988)); *see also Hudson v. McMillian*, 503 U.S. 1, 2–4 (1992) (holding that, to establish objective component of conditions-of-confinement claim, deprivation must be "extreme" and must deny "minimal civilized measure of life's necessities").

"Deliberate indifference may be demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Miltier v. Burton*, 896 F.2d 848, 851–52 (4th Cir. 1990) (citation omitted). "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. at 106.

To prevail on an Eighth Amendment deliberate indifference claim, "a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was

4

sufficiently serious, and (2) that subjectively the prison officials acted with a sufficiently culpable state of mind." *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (internal quotation marks and citations omitted). The first element "is satisfied by a serious medical condition," while the second element "is satisfied by showing deliberate indifference by prison officials." *Id.*

As earlier stated, negligence or disagreements as to the proper course of treatment do not constitute deliberate indifference. *See Grayson v. Peed*, 195 F.3d 692, 695–96 (4th Cir. 1999); *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir.1985) ("[d]isagreements between an inmate and a physician over the inmate's proper medical care" are not sufficient to raise an Eighth Amendment claim pursuant to § 1983); and *Ashford v. Gordon*, Civil Action No. 0:13-1113-JFA-PJG, 2014 WL 4417362, at *11 (D.S.C. Sept. 8, 2014) (collecting cases: "A prisoner's disagreement as to the appropriate treatment fails to rise to the level of a constitutional claim and fails to create a genuine issue of material fact.").

The plaintiff's allegations indicate that SCDC has provided treatment for his enlarged prostate. The plaintiff has received yearly PSA tests (doc. 1 at 4), has been seen at sick calls (*id.*), has been referred to urologists on numerous occasions (id. at 3–4), and has been prescribed the medication Tamsulosin, which is a generic version of Flomax (*id.* at 5). Although the plaintiff disagrees with this conservative course of treatment, a conservative course of treatment is not a constitutional violation. *See Starling v. United States*, 664 F. Supp. 2d 558, 562, 568–70 (D.S.C. 2009) (rejecting deliberate indifference claim where Federal Bureau of Prisons elected to pursue a conservative course of treatment for an inmate's allegations of back pain).

Moreover, unless medical needs are serious or life-threatening, and the defendants were deliberately and intentionally indifferent to those needs of which they were aware at the time, a plaintiff may not prevail. *See Farmer v. Brennan*, 511 U.S. at 837–38;

5

and *Brice v. Virginia Beach Corr. Center*, 58 F.3d 101, 104 (4th Cir. 1995) (injury or condition must be "sufficiently serious to meet the objective inquiry").  There is no indication in the complaint that the plaintiff's enlarged prostate is life-threatening or that the plaintiff's medical treatment has been  delayed, as was the case in *Sosebee v. Murphy*, 797 F.2d 179, 181–83 (4th Cir. 1986).  Hence, the decision of the Court of Appeals in *De'Lonta v. Johnson*, 708 F.3d 520, 526 (4th Cir. 2013), is not applicable to the above-captioned case.

The plaintiff cannot obtain monetary damages from the SCDC because it is immune from suit under the Eleventh Amendment.  *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 744–45 (2002); and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808–09 (D.S.C. 1978).

This federal court does not have diversity jurisdiction to consider any state law claims, such as negligence or medical malpractice, because the plaintiff and the two individual defendants are citizens of South Carolina. *See* 28 U.S.C. § 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  The plaintiff's attention is directed to the Notice on the next page.

November 4, 2014                                s/ Kevin F. McDonald
Greenville, South Carolina                  United States Magistrate Judge

6

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

7